# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JUSTIN ANDRE LAMOUREUX,**

    **Plaintiff,**

**vs.**                                                          **Case No. 4:23cv244-MW-MAF**

**WELLPATH RECOVERY**
**SOLUTIONS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This case has been opened based on the submission of a document entitled "notice of removal," ECF No. 1 at 1, and a motion for leave to proceed in forma pauperis, ECF No. 2. Plaintiff did not submit the state court record with the removal notice as required by statute. *See* 28 U.S.C. § 1446(a).

As an initial matter, Plaintiff's in forma pauperis motion is insufficient. Plaintiff submitted an affidavit declaring his inability to pay the filing fee. ECF No. 2 at 1-2. However, 28 U.S.C. § 1915(a)(2) requires a prisoner to submit "a certified copy of the trust fund account statement (or institutional

equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." Plaintiff did not do so. His account statement provides information about his financial status between March and June of 2022. *Id.* at 3-4. Information that is a year old does not comply with § 1915(a)(2). Thus, Plaintiff's in forma pauperis motion is deficient and cannot be granted.

More problematic for Plaintiff is the case initiating document he filed. Plaintiff submitted a "notice of removal," but his notice states: "Plaintiff, State of Florida, by and through Relator, Justin Andre Lamoureax file this notice of removal under 28 U.S.C. § 1441 . . . ." ECF No. 1 at 2. He states that he seeks to remove the case "State of Florida v. Wellpath Recovery Solutions, et al.," which he says was filed in the Leon County Circuit Court as case number 2023-CA-000215." *Id.* He states the case was commenced on January 30, 2023, and he states that the state court case "is a civil action within the original federal question jurisdiction meeting minimum diversity requirements with exclusive jurisdiction due to the interstate kidnapping, the RICO organization's crimes, the Preemption Doctrine and the resulting federal questions that arise thereof." *Id.* at 4-5. Plaintiff's statement of jurisdiction is nonsensical.

Moreover, Plaintiff is not a licensed attorney. He cannot represent the interests of the State of Florida as a "pro se Relator." *See* ECF No. 1 at 1. Furthermore, a plaintiff is not permitted to remove a case from state court to federal court. The removal statute Plaintiff cited is clear - "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Plaintiff's contention that "[r]emoval is proper because the State of Florida is the only Plaintiff which hereby assents to removal by and through Relator, Justin Andre Lamoureux," ECF No. 1 at 8, is legally incorrect and insufficient to proceed.

Notably, this is not the first time Plaintiff has improperly attempted to remove a case. It should, however, be the last. Plaintiff filed a "notice of removal" on May 4, 2022, in the United States District Court for the Southern District of Florida. That case, case number 2:22-cv-14160-BB, was immediately dismissed on May 20, 202, because Plaintiff did not pay the filing fee or submit an in forma pauperis motion. ECF No. 4 of that case.

Case No. 4:23cv244-MW-MAF

On May 23, 2022, Plaintiff filed another notice of removal in the Southern District of Florida.  *See* case # 2:22-cv-14186-AMC.  United States District Judge Aileen M. Cannon note that Justin Andrew Lamoureax was attempting to remove a family law dispute that did not have valid grounds for federal question jurisdiction.  ECF No. 13 of that case.  The case was remanded to state court.  *Id.*  Plaintiff appealed that dismissal, but the appeal was also dismissed for lack of federal subject matter jurisdiction.  ECF No. 31 of that case.

Plaintiff filed a third notice of removal to initiate a case in the Southern District of Florida on January 12, 2023.  *See* case # 2:23-cv-14010-AMC.  Similar to this case, Plaintiff made vague references to an alleged kidnapping, failed to attach any state court documents, and presented "an unintelligible narrative" in an attempt to claim that Plaintiff was entitled to removal.  ECF No. 17 of that case.  That order of dismissal noted that the removal statute permits a defendant to remove a case.  *Id.* at 2.  Plaintiff, as "petitioner," did not demonstrate a proper basis for removal and the case was remanded to state court.  *Id.*

Here, Plaintiff has not demonstrated that removal is appropriate.  He cannot represent the State of Florida, he did not comply with the removal

statute, and this case must be dismissed. As it does not appear that Plaintiff was even a party to the underlying state court litigation, there is no need to remand the case. Plaintiff could not have removed it in the first place.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 9, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**