IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JUSTIN ANDRE LAMOUREUX,

    *Plaintiff*,

v.                                 Case No.: 4:23cv244-MW/MAF

WELLPATH RECOVERY
SOLUTIONS, et al.,

    *Defendants*.

_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 5, and has also reviewed *de novo* Plaintiff's objections, ECF No. 6.

Plaintiff raises several arguments, but none help his claim. Nothing in Plaintiff's objections rebuts the Magistrate Judge's well-reasoned analysis explaining that removal under 28 U.S.C. § 1441(a) can only be initiated by defendants.[1] And here, Plaintiff does not dispute that he removed this case from state

---

[1] Courts have found that a plaintiff's removal of a case in violation of § 1441(a) is a jurisdictional issue that can be raised *sua sponte*. *See Hatcher v. Dinello*, No. 1:22-CV-1721-WMR-CCB, 2022 WL 3212094, at *1 (N.D. Ga. May 16, 2022) (collecting cases), *report and recommendation adopted,* 2022 WL 3211630 (N.D. Ga. June 8, 2022). This Court finds these cases persuasive, and finds that addressing the jurisdictional defect posed by Plaintiff removing the case is appropriate to raise *sua sponte*.

court, and that he is not a "defendant" within the meaning of the removal statute. This is not permitted under § 1441(a). While Plaintiff argues that he can circumvent the plain language of § 1441(a) because the "Federal False Claims Act" permits removal by a plaintiff, *see* ECF No. 6 at 6, this argument is misplaced. First, Plaintiff does not point to any provision of the False Claims Act that permits removal by plaintiffs, nor does this Court's own review reveal such a provision. Second, as the Magistrate Judge explained, Plaintiff cannot bring a federal False Claims Act suit as a *pro se* litigant. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Accordingly,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 5, is **accepted in part and rejected in part**, over the Plaintiff's objections, as this Court's opinion. The report and recommendation is accepted with the exception that this Court remands the case back to state court rather than dismissing it for lack of subject matter jurisdiction.[2]

---

[2] The Magistrate Judge recommended dismissal for lack of subject matter jurisdiction rather than remand because "it does not appear that Plaintiff was even a party to the underlying state court litigation . . . ." ECF No. 5 at 5. While this may well prove correct, this Court finds that resolution of the issue is better handled by the state court on remand. And here, Plaintiff insists that this is a *qui tam* suit removed pursuant to 28 U.S.C. § 1441(a). *See* ECF No. 1 at 2–3. The proper remedy for a removal case over which this Court lacks jurisdiction is remand. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

2. The Clerk shall take all necessary action to **REMAND** this case to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

3. The Clerk shall close the file.

**SO ORDERED on July 7, 2023.**

s/Mark E. Walker<br>
**Chief United States District Judge**